IN RE: Renee Anderson    Case No. 09-76893-tjt

Hon. Thomas J. Tucker

CHAPTER 13

Renee Anderson
Plaintiff

v.

Chase Mortgage
Defendant

_____
Sweeney Law Offices, P.L.L.C.
Attorney for Plaintiff
29777 Telegraph, Suite 2500
Southfield, MI 48034
(586) 909-8017
sweeneylaw2005@yahoo.com

_____/

## COMPLAINT TO AVOID SECURITY INTEREST IN REAL PROPERTY

Debtor(s), by and through attorney Sweeney Law Offices, PLLC now comes and states the following complaint:

1. Plaintiff brings this complaint pursuant to 11 U.S.C. §506, and submits to jurisdiction of this Court through Fed. R. Bankr. P §7001 and §7004.

2. Debtor filed a Voluntary Chapter 13 petition with this court.

3. The Debtor(s) have two separate mortgages on the principle residence located at 99 Detroit Blvd S, Lake Orion MI 48359 with a property description of:

> Lots 36 and 37, Block 5, BUNNY RUN COUNTRY CLUB ANNEX SUBDIVISION, as recorded in Liber 35, Page 22 of Plats, Oakland County Records.

4. The first mortgage is held by BAC Home Loans Servcing and has an estimated payoff of $125,000. The second mortgage is held by Chase Mortgage and has a balance of $45304 estimated as such on the Debtor's Schedules, a copy of the recorded mortgage which is attached herein.

5. The property has a value of approximately $115,000 according to a recent appraisal.

6. Based on the above-listed amounts, the property is worth less than even the first mortgage;

7. Debtor is entitled to avoid the claimed security interest of Chase Mortgage as to the second mortgage on the Debtor's property under the provisions of 11 U.S.C. §506, as the Defendant's second mortgage lien is not an "allowed secured claim" as defined by the Code and applicable case law.

8. As such, the Defendant does not have a valid lien or security interest as to the second mortgage on the property at 99 Detroit Blvd S, Lake Orion MI 48359 and should therefore be treated as a general unsecured creditor whose claim will be paid as a Class 8 creditor.

9. The interests of good faith and justice support the requested relief.

WHEREFORE, Debtor requests that this Honorable court grant the requested relief to avoid Chase Mortgage security interest and lien in the real estate located at 99 Detroit Blvd S, Lake Orion MI 48359 it relates to the second mortgage, deem the mortgage(s) discharged upon completion of the Chapter 13 plan and permit the filing of the Order/Judgment granting such relief with the State of Michigan Register of Deeds.

Respectfully Submitted,

DATE:__December 29, 2009____ /s/   Jesse R. Sweeney
Jesse R. Sweeney (P60941)
Sweeney Law Offices, P.L.L.C.
Attorney for Debtor
29777 Telegraph, Suite 2500
Southfield, MI 48034
(586) 909-8017
sweeneylaw2005@yahoo.com

e-recorded    LIBER: 37346 PAGE: 813

**0084031**
LIBER: 37346  PAGE: 813
$28.00 MORTGAGE
$4.00  REMONUMENTATION
04/03/2006 04:49:02 P.M. RECEIPT# 0038329
PAID    RECORDED - OAKLAND COUNTY
RUTH JOHNSON, CLERK/REGISTER OF DEEDS

Parcel #
9-01-458-021

Prepared By:
CARLA DANIELE
1111 POLARIS PARKWAY, COLUMBUS, OH 43240
Record and Return Address:
JPMorgan Chase Bank, N.A.
National Home Equity Post Closing KY2-1606
P.O. Box 11606
Lexington, KY 40576-1606

Reference #    060511458530
Servicing #    0917791756

## MICHIGAN
## CLOSED-END MORTGAGE

THIS MORTGAGE is given on    March 6, 2006    .The mortgagor is
RENEE D ANDERSON and TRACI ANDERSON, a single woman
a single woman

This Mortgage is given to    JPMorgan Chase Bank, N.A.    , a national banking association whose address is
1111 Polaris Parkway, Columbus, OH 43240
("Lender") or its successors or assignees. Any communication to the Lender should be sent to
C/O Chase Home Finance LLC, 3415 Vision Drive, P. O. Box 24696, Columbus, OH 43219-6009.
In this Mortgage, the terms "you," "your" and "yours" refer to the mortgagor(s). The terms "we," "us" and "our" refer to the Lender. You owe us the principal sum of
Forty-Seven Thousand and 00/100                                                    Dollars
($ 47,000.00    ). This debt is evidenced by your note ("Note") dated the same date as this Mortgage, which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
March 9, 2021    . This Mortgage secures to us: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under this Mortgage to protect the security of this Mortgage; and (c) the performance of your covenants and agreements under this Mortgage and the Note. For this purpose, you hereby mortgage, warrant, grant and convey to us and our successors and assigns, with power of sale, the property located in    OAKLAND    ,
County, Michigan, and more fully described in EXHIBIT A, which is attached hereto and made a part hereof, which property is more commonly known as
99 DETROIT S BLVD, LAKE ORION, MI 48362-1911
("Property Address");

MILNMT (Rev 09/14/04)    Page 1 of 6

OAKLAND,MI    Page 1 of 7    Printed on 12/09/2009 10:07:46 AM
Document: MG 2006.84031
09-07364-tjt    Doc 1    Filed 12/29/09    Entered 12/29/09 11:25:46    Page 3 of 9

*LIBER: 37346 PAGE: 814*

**TOGETHER WITH** all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Mortgage. All of the foregoing is referred to in this Mortgage as the "Property."

**YOU COVENANT** that you are lawfully seized of the estate hereby conveyed and have the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**YOU AND WE** covenant and agree as follows:

    **1.** **Payment of Principal, Interest and Other Charges.** You shall pay when due the principal of and interest owing under the Note and all other charges due under the Note.

    **2.** **Payments of Taxes and Insurance.** You will pay, when due, all taxes, assessments, leasehold payments or ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any) We specifically reserve to ourself and our successors and assigns the unilateral right to require that you pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law.

    **3.** **Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Note and Section 1 will be applied by us as permitted under the Note.

    **4.** **Prior Mortgages; Charges; Liens.** You shall perform all of your obligations under any mortgage, deed of trust, or other security instruments with a lien which has priority over this Mortgage, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Mortgage, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Mortgage.

    **5.** **Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which we require insurance. This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices.

If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions of Section 7. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance.

You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

*LIBER: 37346 PAGE: 815*

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Mortgage, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days of our notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Mortgage, whether or not then due. The 30-day period will begin when notice is given. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Mortgage immediately prior to the acquisition.

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

   6.   **Preservation and Maintenance of Property; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. If this Mortgage is on a leasehold, you shall comply with the lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

   7.   **Protection of Our Rights in the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Mortgage, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Mortgage or any advance under the Note or this Mortgage, appearing in court, paying reasonable attorneys' fees, paying any sums which you are required to pay under this Mortgage and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this paragraph. Any amounts we pay under this paragraph shall become additional debts you owe us and shall be secured by this Mortgage. These amounts shall bear interest from the disbursement date at the rate established under the Note and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Mortgage, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

   8.   **Inspection.** We may make entries in and upon the Property to inspect same at any reasonable time and upon reasonable notice.

   9.   **Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Mortgage, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Note and paragraph 1 or change the amount of such payments.

   **10. You Are Not Released; Forbearance by Us Not a Waiver.** Extension of time for payment or modification of amortization of the sums secured by this Mortgage granted by us to any of your successors in interest shall not operate to release your liability or the liability of your successors in interest. We shall not be required to commence proceedings against any successor in interest, refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by you or your successors in interest. Our forbearance in exercising any right or remedy shall not waive or preclude the exercise of any right or remedy.

MILNMT                                Page 3 of 6

OAKLAND,MI                           Page 3 of 7              Printed on 12/09/2009 10:07:47 AM
Document: MG 2006.84031
09-07364-tjt   Doc 1   Filed 12/29/09   Entered 12/29/09 11:25:46   Page 5 of 9

*LIBER: 37346 PAGE: 816*

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Mortgage shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Mortgage but does not execute the Note: (a) is co-signing this Mortgage only to mortgage, grant and convey such person's interest in the Property; (b) is not personally obligated to pay the Note, but is obligated to pay all other sums secured by this Mortgage; and (c) agrees that we and anyone else who signs this Mortgage may agree to extend, modify, forbear or make any accommodations regarding the terms of this Mortgage or the Note without such person's consent.

**12. Loan Charges.** If the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**13. Notices.** Unless otherwise required by law, any notice to you provided for in this Mortgage shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us. Unless otherwise required by law, any notice to us shall be given by first class mail to our address stated above or any other address we designate by notice to you.

**14. Governing Law; Severability.** The extension of credit secured by this Mortgage is governed by federal law, which for the purposes of 12 USC ° 85 incorporates Ohio law. However, the interpretation and enforcement of this Mortgage shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision. To this end the provisions of this Mortgage and the Note are declared to be severable.

**15. Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Mortgage.

**16. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Mortgage) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Mortgage. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Note. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

**17. Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Mortgage, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Mortgage, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

MILNMT  Page 4 of 6

*LIBER: 37346 PAGE: 817*

18. **Acceleration; Remedies.** We shall give you notice prior to acceleration following your breach of any covenant or agreement in this Mortgage (but not prior to acceleration under Section 15 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale. If the default is not cured on or before the date specified in the notice, we may, at our option, require immediate payment in full of all sums secured by this Mortgage without further demand and may invoke the power of sale and any other remedies permitted by applicable law. We shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 18, including, but not limited to, reasonable attorney's fees as permitted by applicable law, but not to exceed 20% of the amount you owe, and costs of title evidence.

If we invoke the power of sale, we shall give notice of sale to you in the manner provided in Section 13. We shall publish and post the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. We or our designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including but not limited to attorneys' fees (as set forth above); (b) to all sums secured by this Mortgage; and (c) any excess to the person or persons legally entitled.

19. **Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Mortgage under the provisions of Section 18, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Mortgage.

20. **Satisfaction.** Upon payment of all sums secured by this Mortgage, we will prepare and file a discharge of this Mortgage without charge to you.

21. **Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations. Provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Mortgage upon full repayment of all sums secured thereby.

22. **Waiver.** No waiver by us at any time of any term, provision or covenant contained in this Mortgage or in the Note secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision of covenant at any other time.

23. **Riders to this Mortgage.** If one or more riders are executed by you and recorded together with this Mortgage, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Mortgage as if the rider(s) were a part of this Mortgage. [Check applicable box(es)]

☐ Condominium Rider      ☐ 1-4 Family Rider       ☐ Planned Unit Development Rider

☐ Dower Waiver Rider     ☐ Homestead Waiver Rider ☐ Other(s) _____

*LIBER: 37346 PAGE: 818*

BY SIGNING BELOW, You accept and agree to the terms and covenants contained in this Mortgage and in any rider(s) executed by you and recorded with it.

Signed, sealed and delivered in the presence of:

_____ (Seal)
RENEE D ANDERSON

_____ (Seal)
TRACI ANDERSON

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

State of Michigan,
County of Oakland

The foregoing instrument was acknowledged before me this March 6, 2006
by, Renee D. Anderson and Traci Anderson, a single woman
a single woman
(date)
_____
(name of person acknowledged)

_Dalia Asmar_
(Signature of person taking acknowledgment)
(Title or rank)
(Serial number, if any)

DALIA ASMAR
Notary Public, Macomb County, MI
Acting in Oakland County, MI
My Commission Expires 11/13/2006

**Drafter's Certification**

This Mortgage was drafted by: CARLA DANIELE
JPMorgan Chase Bank, N.A._____, whose address is:
1111 Polaris Parkway, Columbus, OH 43240

MILNMT                        Page 6 of 8

OAKLAND, MI    Page 6 of 7    Printed on 12/09/2009 10:07:47 AM
Document: MG 2006.84031
09-07364-tjt    Doc 1    Filed 12/29/09    Entered 12/29/09 11:25:46    Page 8 of 9

*LIBER: 37346 PAGE: 819*

Issued By
Commonwealth Land Title Insurance Company



File No.: 29445     Commitment No.: 29445

### EXHIBIT "A"

Lots 36 and 37, Block 5, BUNNY RUN COUNTRY CLUB ANNEX SUBDIVISION, as recorded in Liber 35, Page 22 of Plats, Oakland County Records.

More Commonly Known As: 99 Detroit Boulevard

Tax ID 09-01-458-021

ALTA Commitment
Exhibit "A"

**ORIGINAL**

Commitment No. 29445
Exhibit "A" – Page 1 of 1

Valid only if insuring Provisions and Schedules A and B are attached